**In the United States District Court
for the Southern District of Texas, Corpus Christi Division**

| | |
|---|---|
| **Alexander Dominguez,** | |
| Plaintiff, | |
| vs. | **Civil Action No. __23-236_____** |
| **Mark Anthony Olivo,** | |
| Defendant. | |

**Plaintiff's Original Complaint and Application for Injunctive Relief**

Plaintiff, Alexander Dominguez, sues Defendant, Mark Anthony Olivo, for trademark and trade name infringement, and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §1051, et seq., as amended (the "Lanham Act"), and related claims arising under Texas law. In addition to claims for actual and statutory damages, Plaintiff is entitled to a temporary restraining order, and preliminary and permanent injunctive relief against Defendant. In support, Plaintiff respectfully shows the following:

**Parties**

1.      Plaintiff, Alexander Dominguez, is an individual residing in Houston, Texas.

2.      Defendant, Mark Anthony Olivo, is an individual residing in Corpus Christi, Texas. Mr. Olivo may be served at his residence, 3537 Crestlea Dr., Corpus Christi, Texas 78415, or wherever he may be found.

**Jurisdiction and Venue**

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121 because this dispute arises from Defendant's violations of the Lanham Act, 15

U.S.C. §§1114 and 1125(a). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims arising under Texas law.

4.     Venue is proper in this district under 28 U.S.C. §1391(b) because Defendant resides in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**Factual Background**

5.     Plaintiff, Alexander Dominguez, is a musician who formed a band nearly 40 years ago under the name "Anialator."[1] Since 1986, Mr. Dominguez has travelled the world touring with his band and released numerous albums. The band has included various musicians over the years, but Mr. Dominguez is the one constant: the band leader, the person who formed and named the band, and the person who controls all the master recordings.

6.     Plaintiff is the owner and senior user of the word mark "Anialator," which he has used in commerce since at least 1986. In addition to common law rights, Plaintiff has a federally registered mark, U.S. Trademark No. 7,124,313 (the "Mark"),[2] covering use of the wordmark "Anialator" in Class 41 for "Entertainment services, namely, non-downloadable ringtones, pre-recorded music, and graphics presented to mobile communications devices via a global computer network and wireless networks; Entertainment services, namely, providing nondownloadable prerecorded music via a website; Live performances by a musical group; Providing on-line videos featuring live musical performances, not downloadable."

7.     Plaintiff uses the Mark to promote his music on streaming websites, such as Spotify, on social media pages, such as Facebook, and through sales of albums, tickets for live shows, and

---

[1] The application for injunctive relief is supported by the Declaration of Alexander Dominguez attached as Exhibit A.

[2] A true and correct copy of the Mark is attached as Exhibit B.

merchandise. Examples of Plaintiff's albums, playbills, and merchandise using the Mark are shown below:







8.     Defendant Mark Olivo is a former member of Plaintiff's band, who was a singer in the band in the 1980s and then for two reunion shows in 2015.

9.     Defendant recently began marketing himself and others as a band using Plaintiff's Mark, logos, and music through social media pages, online music platforms, live shows, and merchandise. Evidence of Defendant's infringing conduct is shown below:



10.    Although Plaintiff has successfully submitted several takedown requests to Facebook and other social media outlets, resulting in the removal of Defendant's infringing content on multiple occasions, Defendant continues to create new infringing pages using Plaintiff's Mark without permission in competition with Plaintiff.

11.    As a direct result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer irreparable harm and injury that cannot be fully compensated by money damages, including harm to Plaintiff's goodwill, reputation, confusion in the market, and lost prospective business relationships.

## Causes of Action

### Trademark Infringement under 15 U.S.C. § 1114 and Texas Law

12.    Plaintiff is the owner and senior user of the registered word mark "ANIALATOR" and has continuously used the Mark to market, promote, and perform musical performances, albums, streaming media, and merchandise throughout the United States.

13.    Plaintiff's use of the Mark marks pre-dates Defendant's use of the same to promote, market, advertise, and sell competing products and services.

14.    Plaintiff's Mark is legally protectable, and Plaintiff has the exclusive right to use the Mark in commerce.

15.    Defendant has actual knowledge that Plaintiff is the owner and senior user of the Mark, which is registered with the United States Patent and Trademark Office. Nonetheless, Defendant persists in his wholly unauthorized use of the Mark to promote, market, advertise, and offer goods and services that are confusingly similar to Plaintiff's goods and services.

16.    Defendant's unauthorized use of the Mark in connection with the marketing, promotion, or advertising of Defendant's band is likely to cause confusion and mistake, and is

likely to deceive the public, fans, and venues, by suggesting some affiliation, connection, or association between Plaintiff and Defendant.

17.     Defendant's actions, as described above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. §1114(1).

18.     Defendant's unauthorized use of the Mark has been willful and undertaken with constructive and actual knowledge of Plaintiff's ownership of the Mark. Alternatively, even if Defendant's unauthorized use of the Mark has not been willful nor undertaken with constructive and actual knowledge of Plaintiff's ownership of the registered Mark, Defendant's unauthorized use of the Mark has been careless or negligent.

19.     **Trade Name Infringement under 15 U.S.C. § 1125 and Texas law**

20.     Plaintiff is a musician and band leader who, since 1986, has continuously conducted business under the name "Anialator." Plaintiff has continuously used this name to conduct business in the State of Texas since 1986.

21.     Plaintiff's use of the name "Anialator" pre-dates Defendant's use of the name, and Defendant's unauthorized use of Plaintiff's name to promote, market, advertise, and conduct Defendant's use of Plaintiff's name is likely to cause confusion and mistake, and is likely to deceive the public, by suggesting some affiliation, connection, or association between Plaintiff and Defendant.

22.     Defendant's unauthorized use of Plaintiff's name and the Mark constitutes trade name infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

23.     Defendant's unauthorized use of Plaintiff's name and the Mark is willful and untaken with constructive and actual knowledge that Plaintiff is the senior user of its name.

**Unfair Competition under 15 U.S.C. § 1125 and Texas law**

24.    Defendant's unauthorized use of Plaintiff's Mark and name to promote, market, advertise, and conduct Defendant's business is likely to cause confusion and mistake, and is likely to deceive the public, by suggesting some affiliation, connection, or association between Plaintiff and Defendant when there is no such connection.

25.    As a direct and proximate result of Defendant's unauthorized use of Plaintiff's trademarks and name, Defendant has gained a special competitive advantage without the burden of time, labor, skill, or monetary expense, and Defendant has likely caused and will likely continue to cause confusion between Plaintiff and Defendant.

26.    Defendant's actions constitute unfair competition in violation of the Lanham Act, 15 U.S.C. §1125(a) and Texas law for which Plaintiff has been damaged.

27.    Accordingly, Plaintiff seeks recovery under 15 U.S.C. §1117 of Defendant's profits, monetary damages, including lost business, profits, and revenue, the costs of this action, and any other damages permitted by federal and state law.

28.    Additionally, Defendant's actions have caused and will continue to cause Plaintiff to suffer irreparable harm and injury that cannot be fully compensated by money damages.

**Application for Injunctive Relief by**
**Temporary Restraining Order**
**and Preliminary Injunction**

29.    Plaintiff seeks a temporary restraining order, preliminary injunction, and permanent injunction against Defendant and all those acting in concert with him under Rule 65 of the Federal Rules of Civil Procedure. Specifically, Plaintiff seeks to enjoin Defendant and his agents and representatives from using Plaintiff's Mark, the "Anialator" name, or any confusingly

similar names because Defendant's unlawful activity infringes upon Plaintiff's Mark and trade name.

30.    A party who seeks a preliminary injunction must establish four elements: (i) a substantial likelihood of success on the merits, (ii) a substantial threat of irreparable injury if the injunction is not issued, (iii) the threatened injury, if the injunction is denied, outweighs any harm that will result if the injunction is granted, and (iv) the grant of an injunction will not disserve the public interest. *Texans for Free Enter. v. Tex. Ethics Comm'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Plaintiff can establish each of these elements.

31.    Plaintiff is the owner of the registered "ANIALATOR" mark. Since 1986, Plaintiff has continuously used the Mark to market, promote, and perform his music throughout the United States. Plaintiff is also the senior user of the name "ANIALATOR," and has used its trademark and name in commerce since 1986.

32.    Defendant's unauthorized commercial use of Plaintiff's trademarks and name to for another band is likely to cause confusion and mistake, and is likely to deceive the public, by suggesting some affiliation, connection, or association between Plaintiff and Defendant.

33.    Through Defendant's unauthorized commercial use of Plaintiff's Mark, Defendant has gained a special competitive advantage without the burden of time, labor, skill, or monetary expense, and Defendant has likely caused and will likely continue to cause confusion between Plaintiff's band and Defendant's band.

34.    While evidence of actual confusion need not be present to find a likelihood of confusion, Plaintiff has evidence of confusion from fans on social media. Actual confusion can be supported by a single instance of actual confusion. Further, while no proof of actual confusion

is necessary, an almost overwhelming amount of proof is needed for Defendant to refute evidence of actual confusion.

35.    Because Plaintiff's name and Mark is legally protectable and Defendant's unlawful use of the Mark and business practices are likely to cause confusion, Plaintiff can show a substantial likelihood of success on the merits of its claims.

36.    There is a substantial threat of irreparable injury if the Court does not grant Plaintiff the injunctive relief it seeks.

37.    Under the Trademark Modernization Act of 2020, a plaintiff seeking an injunction in a trademark action "shall be entitled to a rebuttable presumption of irreparable harm … upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order." 15 U.S.C. 1116(a).

38.    If the Court does not grant Plaintiff a temporary restraining order and preliminary injunction, Defendant will likely continue his activities that infringe upon Plaintiff's Mark and trade name to irreparably and incalculably impair Plaintiff's goodwill, reputation, and legitimate use of the Mark and band name.

39.    Plaintiff will suffer irreparable injury if the Court does not enjoin Defendant from using the Mark, the "ANIALATOR" name or any confusingly similar name, for, among other things, entertainment services, including pre-recorded music, nondownloadable prerecorded music via a website, live performances by a musical group, and related merchandise. Defendant's use of Plaintiff's Mark and name falsely represents to the public and fans that Defendant is the same as, or affiliated with, Plaintiff.

40.    The requisite injury for an injunction against infringement is presumed when one proves a likelihood of confusion. Money damages are inadequate to compensate a trade name

holder for an infringer's continuing acts, including Defendant's unlawful use of Plaintiff's registered Mark in commerce.

41.     Irreparable harm results when the holder of a trade name cannot control the quality of the infringer's services. Plaintiff will suffer irreparable harm in the form of loss of goodwill and damage to its reputation, both of which can be traced to loss of control over Defendant's services. This loss of control constitutes immediate irreparable harm.

42.     Because a likelihood of confusion exists, Plaintiff's inability to control the quality of Defendant's goods and services constitutes an immediate and irreparable injury, regardless of the actual quality of Defendant's goods and services.

43.     Because Defendant's commercial use of Plaintiff's name and registered mark creates a likelihood of confusion, irreparable harm is presumed. Plaintiff faces a substantial threat of irreparable harm if the Court does not issue a temporary restraining order and preliminary injunction against Defendant. The potential injury to Plaintiff if an injunction is not granted outweighs any harm to Defendant.

44.     Defendant will not suffer undue hardship or loss as a result of the issuance of a temporary restraining order or preliminary injunction because Defendant's use of Plaintiff's Mark and a name identical to or confusingly similar to Plaintiff's name violates federal and state law. Further, Defendant has only recently adopted Plaintiff's name and Defendant cannot show Defendant's inability to use this name will harm Defendant in any manner.

45.     Further, in cases where, as here, defendants improperly or unlawfully use a plaintiff's trade name, the threatened harm to the plaintiff outweighs the threatened harm to the defendants if the court does not grant an injunction. Issuing a temporary restraining order and

preliminary injunction against Defendant will not—and indeed cannot—disserve the public interest.

46.    The public interest always is served by requiring compliance with Congressional statutes such as the Lanham Act and by enjoining the use of infringing and unlawfully trademarks and names. Protecting Plaintiff in this case from an infringing and deceitful adversary and preventing client confusion in the marketplace does not disserve the public's interest.

47.    The public interest promotes protecting trade names in a capital-based economy that rewards success through competition. The public also has interest in not being deceived into believing it is obtaining goods and services from Plaintiff because Defendant is using Plaintiff's trademark and name in violation of federal and state law and without authorization.

48.    Plaintiff asks the Court to issue ex parte a temporary restraining order and set Plaintiff's request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Defendant.

**Conditions Precedent**

49.    All necessary conditions precedent have been performed or have occurred to entitle Plaintiff to the relief it seeks.

**Prayer**

50.    Plaintiff respectfully requests this Court award the following relief:

a.    A temporary restraining order, temporary injunction, and permanent injunction against Defendant and anyone acting in concert with Defendant from offering any goods or services under Plaintiff's "ANIALATOR" mark or any similarly confusing mark, including the mandatory removal of any social media using Plaintiff's Mark or any confusingly similar names, images, or logos;

b.    Judgment against Defendant for actual damages, disgorgement of profits, or statutory damages against Defendant, including enhanced damages for Defendant's willful and intentional infringement of Plaintiff's trademark;

c.  Judgment against Defendant for treble damages arising from Defendant's willful violation of the Lanham Act;

d.  Judgment against Defendant for reasonable and necessary attorneys' fees for trial and, if necessary, for appeal;

e.  Judgment against Defendant for costs of court;

f.  Judgment against Defendant for pre-judgment and post-judgment interest at the highest rate allowed by law; and for

g.  Such other and further relief, general and special, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Dated: September 18, 2023                  Respectfully submitted,

                                           */s/ S. Wallace Dunwoody*
                                           S. Wallace Dunwoody
                                           Texas State Bar No. 2440838
                                           wdunwoody@munckwilson.com
                                           **MUNCK WILSON MANDALA, LLP**
                                           12770 Coit Road, Suite 600
                                           Dallas, TX 75251
                                           Telephone: (972) 628-3600
                                           Fax: (972) 628-3616
                                           *Attorney for Plaintiff Alexander Dominguez*